## CIRCUIT COURT OF BRUNSWICK COUNTY

Commonwealth of Virginia

v.

Agee

March 15, 1988

Case No. (Criminal) C87-482

By JUDGE W. PARK LEMMOND, JR.

A Motion to Suppress evidence was filed in the above matter and evidence presented on the Motion at a hearing conducted March 7, 1988. The only witness to testify was Chief Pond.

The written Motion to Suppress asks the Court to suppress the physical evidence recovered and any admissions made. There was no evidence of any admissions having been made by the defendant; however, it was determined that the defendant had never been advised of his constitutional rights pursuant to *Miranda.*

The evidence presented revealed that the police received information that the defendant had passed an unspecified number of rolls of quarters at a local convenience store and left in an automobile described to the police. The police spotted the car and stopped it. The defendant and the other occupants were asked to accompany the police to the magistrate's office, which they did.

Prior to any questioning, while walking from the magistrate's office to a restroom, the defendant was observed to pull a small bag from his pocket. Chief Pond asked if he could look at it and the defendant agreed. The chief then asked if he could look into the bag and the

defendant agreed to that as well. The substance which is sought to be suppressed was found in the subject bag.

If the actions by the police constituted an arrest, then such arrest must have been based upon probable cause, and a lack thereof would clearly necessitate suppressing the subject evidence.

Although no magic words such as "I place you under arrest" are required, for an arrest to occur the defendant must clearly understand that he is not free to go. The person must be subjected to the actual control and will of the police officer. The person must be taken into custody and restrained with intention to prosecute him for crime and this detention occurs when the officer restrains the accused or otherwise gives him to understand that he is under arrest and that the accused submits thereto.

As has been held elsewhere, the Court holds that in this case the defendant, having voluntarily accompanied the police officer to the magistrate's office, was not under arrest, and thus a probable cause requirement had not arisen. The Court would note in passing, however, that had the circumstances constituted an arrest, its ruling would clearly have been that there was insufficient probable cause for such an arrest.

Again the Court would note that although questioning was most likely to occur, it had not begun at the point in time when the defendant extracted the bag from his pocket. Further, although there was no evidence as to the specific time from the stop to the revelation of the evidence, from the evidence that was presented it is reasonable to infer that the time was relatively brief.

In conclusion, absent the necessity of a showing of probable cause for an arrest, the search in this case was entirely consensual, the defendant having voluntarily agreed to same. Thus it is the Court's ruling that the evidence produced from this voluntary search should not be excluded, and hence overrules the Motion to Suppress.